USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL SAUNDERS, on behalf of himself and all others similarly situated, | |
| Plaintiff, | 1:24-cv-5479-MKV |
| -against- | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |
| SMACKED LLC, | |
| Defendant. | |

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff initiated this action by filing a complaint on July 19, 2024. [ECF No. 1]. An affidavit of service of summons and complaint was filed on August 14, 2024. [ECF No. 5]. The affidavit stated that service was made at 144 Bleecker Street, New York, NY 10012 on a person named Mr. Bailey who did not provide his first name, was an agent of the defendant, and was authorized to accept service on behalf of Defendant. [ECF No. 5]. According to the affidavit of service, Defendant's answer was due by August 22, 2024. [ECF No. 5]. Defendant has not appeared or answered. The Court issued two Orders to Show Cause why this case should not be dismissed for failure to prosecute. [ECF Nos. 6, 14]. Each order, put Plaintiff "on notice that he is ultimately responsible for prosecuting this case, and this case may be dismissed because of his chosen counsel's failure to prosecute the case." [ECF Nos. 6, 14].

Thereafter, Plaintiff moved for a Default Judgment against Defendant, attaching several exhibits in support including a proposed default judgment [ECF No. 18]. Several days later, Plaintiff requested to amend the proposed default judgment to include statutory damages. [ECF No. 19]. Plaintiff filed a certificate of service indicating that the motion for default and all supporting papers were served on defendant by mail. [ECF No. 20]. Accordingly, the Court scheduled a default hearing for May 13, 2025 and ordered Plaintiff to serve his motion for default judgment and the Scheduling Order on Defendant. [(the "Scheduling Order") ECF No. 21]. Plaintiff thereafter filed an affidavit of service indicating that

the Scheduling Order, default motion and supporting papers, were served on a person identified as Coco "Doe" who worked as receptionist at 144 Bleecker Street, New York, NY 10012. [ECF No. 22].

At the hearing, the Court explained that the affidavit of service of the summons and complaint in this case provides no basis to assess whether the person who was given the court filings, Mr. Bailey, was authorized to accept service on behalf of Defendant. In effectuating service, a process server "may rely upon the corporation's employees to identify the individuals authorized to accept service" as long as reliance is reasonable. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002). A process server's reliance is unreasonable when he or she makes "no attempt to ascertain the title or corporate position of the individual who accepted the papers or even to inquire whether the individual was actually an employee of the defendant corporation." *Sookul v. Oroboro, Inc.*, No. 24-CV-675 (RA), 2025 WL 1040637, at *1 (S.D.N.Y. Apr. 8, 2025). Here, the process server simply asserted that Mr. Bailey, who did not provide his first name, was authorized to accept service. [ECF No. 5]. The process server did not indicate whether he asked Mr. Bailey if he was authorized to accept service or whether he inquired about Mr. Bailey's position and employment at Smacked LLC. [ECF No. 5]. As the Court explained at the hearing, numerous cases hold that service is insufficient where, as here, the process server provides no explanation to support the conclusion that the person who received papers was in fact authorized to accept service. *See, e.g.*, *Sookul*, 2025 WL 1040637, at *2; *Chen v. Best Miyako Sushi Corp.*, No. 16CV2012JGKBCM, 2021 WL 707273, at *9 (S.D.N.Y. Feb. 1, 2021), *report and recommendation adopted sub nom. Shiqiu Chen v. Best Miyako Sushi Corp.*, No. 16-CV-2012 (JGK), 2021 WL 706412 (S.D.N.Y. Feb. 19, 2021); *Burton v. Wells Fargo Bank, N.A.*, 738 F. Supp. 3d 272, 298 (E.D.N.Y. 2024)).[1]

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss

---

[1] At the hearing, the Court also noted similar concerns with the validity of Plaintiff's service of the Scheduling Order, default motion and supporting papers.

the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Plaintiff initiated this action nearly a year ago on July 19, 2024 and Defendant still has not been properly served.  [ECF No. 1].

Accordingly, IT IS HEREBY ORDERED that the motion for default judgment is DENIED.

IT IS FURTHER ORDERED that Plaintiff must file valid proof of service on Defendant on or before June 12, 2025. If such proof of service is not timely filed, this case may be dismissed.

**Plaintiff is reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

The Clerk of Court is respectfully requested to terminate the motions at docket entry numbers 18 and 19.

**SO ORDERED.**

Date:  **May 13, 2025**                          **MARY KAY VYSKOCIL**
      **New York, NY**                          **United States District Judge**

3